## LORIN W. REED *vs.* ELEAZER FREDERICK.

In an action on a debt from which the debtor has received a certificate of discharge in insolvency, evidence of promises made before the commencement of the proceedings, to pay the debt notwithstanding, are inadmissible; and their admission is ground of exception, although accompanied by evidence of a subsequent promise, and " only for the purpose of showing that the defendant would be likely to make the promise after he went into insolvency, and as showing that he considered it an honorary debt," and although the jury are instructed that " to entitle the plaintiff to recover, they must be satisfied that the defendant, after the commencement of the insolvency proceedings, unconditionally promised the plaintiff to pay his debt."

ACTION OF CONTRACT on a promissory note. Answer, a certificate of discharge in insolvency.

At the trial in the court of common pleas at April term 1855, before *Mellen,* C. J., the plaintiff introduced evidence tending to show that before the defendant filed his petition for the benefit of the insolvent laws, and also while the insolvency proceedings were pending, he told the plaintiff that the proceedings were only intended to affect a certain other note, and that the plaintiff's debt should be paid notwithstanding the discharge ; and also that the defendant made similar promises after his discharge.

The defendant objected to the admission of so much of the evidence, as related to representations or promises made before the filing of the petition. But the court admitted the testimony, " only for the purpose of showing that the defendant would be likely to make the promise after he went into insolvency, and as showing that he considered it an honorary debt;" and instructed the jury, " that, to entitle the plaintiff to recover, they must be satisfied by the testimony, that the defendant, after the commencement of the insolvency proceedings, unconditionally promised to pay the plaintiff the amount of the note." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. H. Kingsbury,* for the defendant.

*I. W. Richardson,* for the plaintiff. 1. It was competent for the plaintiff to show that this was an honorary debt, (which was

the sole purpose for which the evidence objected to was admitted,) and that the defendant so regarded it, and intended to pay it notwithstanding he should obtain a discharge. If the defendant, on the eve of his insolvency, promised to pay it, without regard to any discharge, and the plaintiff, relying upon such assurance, did not prove his claim, this case is within *Kingston* v. *Wharton*, 2 S. & R. 208.

2. The admission of this evidence has been rendered immaterial by the finding of the jury, under the instructions of the court, that the defendant, after his insolvency, made an unconditional promise of payment.

3. The evidence was admissible for the further purpose of defeating the discharge, as obtained by fraudulent means and for fraudulent purposes.

Shaw, C. J. The plaintiff could recover only by proving an express promise after the debtor had obtained his discharge. Proof of a promise before the discharge was not competent for any purpose, and ought not to have been admitted. It is impossible now to say that the jury, in finding their verdict for the plaintiff, did not rest it on the proof of a promise before the discharge was granted; or that there was sufficient evidence of a promise after the discharge to warrant the verdict.

*Exceptions sustained.*